IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY VOSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-9051 |
| | ) | |
| SHERIFF OF COOK COUNTY, | ) | |
| | ) | |
| Defendant. | ) | JURY DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, ANTHONY VOSE, by and through his attorneys Arthur R. Ehrlich, Jonathan C. Goldman, and Kerri L. Feczko of the LAW OFFICES OF GOLDMAN & EHRLICH, CHTD., and as his Complaint against Defendant, SHERIFF OF COOK COUNTY, states as follows:

1. This is an action under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12117, *et seq.* based on Defendant's failure to reasonably accommodate Plaintiff's disability, continued harassment of Plaintiff because of his disability, and for retaliation taken against Plaintiff for requesting accommodations for his disability. This action is also brought pursuant to the Family Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq*. for retaliation and interference with Plaintiff's FMLA rights.

### JURISDICTION, VENUE, AND THE PARTIES

2. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331, 42 U.S.C. §12117, *et seq.*, and 28 U.S.C. § 1343(a)(3) and (4).

3. Plaintiff demands a trial by jury.

4. On January 20, 2016, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (Charge No. 440-2016-01746). The EEOC issued a Right to Sue letter dated June 21, 2016, which was received on June 23, 2016.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

5. Venue exists because Plaintiff and Defendant reside in the Northern District of Illinois, and the acts giving rise to this action occurred within the Northern District of Illinois.

6. Plaintiff, ANTHONY VOSE, is a resident of Arlington Heights, Illinois. At all relevant times, Plaintiff was employed by Defendant as a Deputy Sheriff.

7. Defendant, SHERIFF OF COOK COUNTY, is a body politic organized under the laws of the state of Illinois.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff has been disabled since 2013 when he sustained a back injury that required spinal surgery. His disability substantially limits one or more of his major life functions, including his ability to engage in certain physical activities such as lifting heavy objects.

9. Despite his disability, Plaintiff is and has been able to perform the essential functions of his job, and has met Defendant's legitimate job expectations at all times relevant to this complaint.

10. Defendant has been aware of Plaintiff's disability and the medical restrictions that prevent him from performing jobs that require heavy lifting at all times relevant to this complaint.

11. In or around June 2015, Defendant subjected Plaintiff to discriminatory behavior because of his disability by threatening to discipline Plaintiff for taking approved time off for medical treatment, and by deliberately interfering with Plaintiff's requests to seek medical attention from his physician when Plaintiff was experiencing severe back spasms.

12. When Plaintiff returned to work in July 2015, Defendant refused to accommodate Plaintiff's disability by assigning Plaintiff to work in the warehouse which required that Plaintiff move heavy boxes in violation of his medical restrictions. Defendant did not return Plaintiff to his normal assignment until November 2015.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

2

13. Defendant has not taken these actions against employees who were not disabled. These actions were also taken in retaliation for requesting reasonable accommodations.

14. Defendant's conduct was at all times willful and wanton.

15. Defendant's actions violated 42 U.S.C. §12117 *et seq.*, and caused Plaintiff to lose salary and other employment benefits, and caused Plaintiff to suffer emotional distress.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A. Actual damages for lost salary and employment benefits in an amount in excess of $50,000.00;

B. Compensatory damages in an amount in excess of $200,000.00;

C. Attorney's fees and costs; and

D. Such other relief as this Court deems appropriate.

## COUNT II - RETALIATION

1-12. Plaintiff restates and realleges ¶¶ 1-12 of Count I above, as ¶¶ 1-12 of this Count II as though fully set forth herein.

13. Plaintiff filed a charge with the EEOC in January 2016 for disability discrimination under case number 440-2016-01746 and has, intermittently, requested accommodations and leaves of absence for his disability since 2013, and has made complaints about Defendant's failure to properly accommodate him.

14. Defendant retaliated against Plaintiff for requesting accommodations for his disability by wrongly disciplining Plaintiff including falsely disciplining him when it erroneously

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

3

accused him of stealing company time by taking lunch at the end of his shift despite authorization to do so pursuant to Plaintiff's Collective Bargaining Agreement.

15. Defendant further retaliated against Plaintiff on or around January 5, 2016 when it withheld Plaintiff's wages by deducting eight hours of paid vacation from Plaintiff's allotted vacation time, but failing to pay Plaintiff for those hours deducted.

16. After Plaintiff filed his EEOC Complaint and received the right-to-sue notification, Defendant continued to retaliate against Plaintiff for exercising his rights to seek accommodations under the ADA and for complaining about Defendant's discriminatory and retaliatory actions.

17. In or around January 2016, Defendant continued to retaliate against Plaintiff for exercising his rights under the ADA by refusing to honor an arbitration award related to Defendant's harassment of Plaintiff. The arbitrator award ordered that Plaintiff be returned to work no later than February 4, 2016, yet Defendant purposefully delayed Plaintiff's return until February 13, 2016 without any reasonable basis. Defendant has not done this to employees who did not seek to enforce their rights under the ADA.

18. When Plaintiff was finally permitted to return to work, Defendant retaliated by permanently reassigning Plaintiff to the back loading dock which was an area that was typically unmanned, unheated, and lacked computer access which limited Plaintiff's ability to perform parts of his job.

19. Defendant has retaliated against Plaintiff by withholding seniority-based raises that Plaintiff was entitled to receive on or around April 24, 2016 after his fifth year of service.

20. Defendant continued to retaliate against Plaintiff by fabricating acts of misconduct in order to justify terminating Plaintiff. In or around July 2016, Defendant requested that Plaintiff

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

4

be terminated for not filing an incident report when the incident in question did not merit an incident report under normal procedures. Similar incidents in the past involving different officers did not require incident reports, and did not lead to any discipline.

21. Most recently, on or around September 2, 2016, Defendant conducted an audit on Plaintiff's time cards dating back to 2013, and falsely accused Plaintiff of taking four unauthorized paid vacations. Defendant then demanded that Plaintiff pay the $656.29 allegedly owed to Defendant for taking said vacations.

22. Defendant failed to reasonably accommodate Plaintiff, wrongly disciplined Plaintiff, and fabricated acts of misconduct in order to terminate Plaintiff in retaliation for Plaintiff requesting reasonable accommodations and exercising his rights under the ADA.

23. Defendant's stated reasons for taking said actions against Plaintiff are a pretext for retaliation. Defendant has not taken these actions against employees who have not requested accommodations or sought to enforce their rights under the ADA.

24. Defendant's conduct was at all times willful and wanton.

25. Defendant's actions violated 42 U.S.C. §12117 *et seq.*, and caused Plaintiff to lose salary and other employment benefits, and caused Plaintiff to suffer emotional distress.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

    A. Actual damages for lost salary and employment benefits in an amount in excess of $50,000.00;

    B. Compensatory damages in an amount in excess of $200,000.00;

    C. Attorney's fees and costs; and

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

D.  Such other relief as this Court deems appropriate.

**COUNT III - VIOLATION OF ("FMLA")-RETALIATION AND INTERFERENCE**

1-12.  Plaintiff restates and realleges ¶¶ 1-12 of Count I above, as ¶¶ 1-12 of this Count III as though fully set forth herein.

13.  Plaintiff was employed by Defendant at all times relevant to this Complaint.

14.  Defendant was Plaintiff's employer under the FMLA.

15.  Plaintiff was granted the right to obtain intermittent leave under the FMLA by Defendant in 2013 and through the present.

16.  In or around June 2015, Defendant threatened to discipline Plaintiff for taking FMLA-approved time off for medical treatment related to Plaintiff's disability.

17.  Fearful of being disciplined, Plaintiff arrived to work on or around June 11, 2015 despite suffering severe back spasms immediately prior to his shift. Defendant deliberately interfered with Plaintiff's requests to seek medical attention from his physician by initially forbidding him to leave for an emergency appointment without any reasonable justification and ridiculing Plaintiff despite the severity of his condition.

18.  In retaliation for using FMLA time off to seek medical attention, Defendant prohibited Plaintiff from reporting back to work until he successfully passed a psychological Fitness for Duty Examination despite having no reasonable basis for requiring Plaintiff to undergo such an evaluation as Plaintiff's injury was physical and not psychological.  Defendant subsequently withheld Plaintiffs wages from June 17, 2015 until July 13, 2015 when Plaintiff was able to schedule and pass the required exam, and required that Plaintiff exhaust all available FMLA hours before placing him on a "no pay" status.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

19. When Plaintiff returned to work in July 2015, Defendant continued to retaliate against Plaintiff by assigning Plaintiff to work in the warehouse which required that Plaintiff move heavy boxes in violation of his medical restrictions. Defendant did not return Plaintiff to his normal assignment until November 2015.

20. Defendant interfered with Plaintiff's exercise of his FMLA rights by prohibiting Plaintiff from seeking medical treatment, and by requiring that Plaintiff exhaust his FMLA hours before reaching a "no pay" status. Defendant also violated Plaintiff's rights under the FMLA by retaliating against Plaintiff for utilizing his FMLA-approved time off by assigning Plaintiff to tasks that directly violated his medical restrictions upon his return to work, and delaying Plaintiff's return to work by requiring a fitness for duty examination without a reasonable basis.

21. Defendant's conduct was at all times willful and wanton.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A. Actual damages for lost salary and employment benefits in an amount in excess of $50,000.00;

B. Liquidated damages equal to the amount of all damages lost by Plaintiff;

C. Attorney's fees and costs; and

D. Such other relief as this Court deems appropriate.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

/s/ Arthur R. Ehrlich
Arthur R. Ehrlich of GOLDMAN & EHRLICH, CHTD., as attorney for Plaintiff ANTHONY VOSE